HIRSCHMAN v. KUECHLE.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

1. LANDLORD AND TENANT ⊜⟿190(2)—RENT—EVICTION.

In an action for rent, evidence that plaintiff, with defendant's consent, stored an automobile body on the premises, the defendant furnishing a key when requested, shows none of the elements of an actual partial eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 766; Dec. Dig. ⊜⟿190(2).]

2. LANDLORD AND TENANT ⊜⟿183—RENT—IMPLIED AGREEMENTS.

Where a landlord occupies a portion of the leased premises with the defendant's consent, with no express agreement to pay therefor, his promise to pay for such use is implied.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 731, 736; Dec. Dig. ⊜⟿183.]

3. WORK AND LABOR ⊜⟿4(2)—GROUNDS.

If one performs services for another with his knowledge and consent, by reason of which the other is benefited, there is an implied promise of payment therefor.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 4; Dec. Dig. ⊜⟿4(2).]

4. LANDLORD AND TENANT ⊜⟿233(3)—RENT—ACTIONS—TRIAL.

In an action for rent, where defendant claimed that plaintiff had used a portion of the premises for storing an automobile body, and that such use constituted a partial eviction, and also entitled him to an affirmative judgment for breach of covenant of quiet enjoyment, or for the use and occupation, dismissal of defendant's defense and counterclaim at the close of the case, and after proof of such occupation, defendant asking leave to go to the jury "upon the facts and upon the issues in the case," but making no statement as to what he claimed to be the issue, *held* error.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 942; Dec. Dig. ⊜⟿233(3).]

5. COURTS ⊜⟿190(9)—MUNICIPAL COURTS—ORDERING NEW TRIAL ON CERTAIN ISSUES ONLY.

In such case, under Municipal Court Code (Laws 1915, c. 279) § 129, subd. 5, allowing a new trial to be limited to questions as to which the judgment is wrong, reversal and new trial will be ordered; the only issue to be tried upon such new trial to be the value of the use of that portion of the premises occupied by the plaintiff.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊜⟿190(9).]

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Stuard Hirschman against Edward J. Kuechle. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Raphael Link, of New York City (Charles E. Hughes, Jr., of New York City, of counsel), for appellant.

Gilbert, Lauterstein & Gilbert, of New York City (Francis Gilbert, of New York City, of counsel), for respondent.

COHALAN, J. The plaintiff herein leased to the defendant a building and a basement therein from month to month at an agreed rental of $55 per month. He brought this action to recover for 18 months' rent from July 1, 1914, to January 1, 1916.

Defendant admitted the nonpayment of the rent for the time claimed, but pleaded two defenses and counterclaims, one of which he abandoned at the trial. The defense and counterclaim tried was that the defendant claimed that the plaintiff had since December, 1911, used a portion of the demised premises for the storage of an automobile body and seven small boxes or drawers taken out of a desk or bureau. This storage was not disputed by the plaintiff. The automobile body was changed each fall and spring, one body being a limousine and one an open body, and the change made as the seasons required. The defendant claims that this occupancy constituted an actual partial eviction by the plaintiff of a portion of the demised premises, and thereby suspended the payment of the rent during the time of such occupancy, and also that the defendant was entitled to recover an affirmative judgment for a breach of the covenant for quiet enjoyment, or for the use and occupation of that portion of the demised premises occupied by plaintiff.

[1, 2] The testimony was taken before a jury, the defendant assuming the burden of sustaining his defense and counterclaim. At the close of the case the plaintiff moved to dismiss this defense and counterclaim, and the defendant asked leave to go to the jury "upon the facts and upon the issues in the case." He made no statement, however, as to what he claimed to be the issues in the case. Plaintiff's motion was granted, and the defendant's motion was denied. Judgment was thereupon rendered in favor of plaintiff for the entire amount of his claim, but whether by the jury upon direction of the court does not appear. The evidence is undisputed that the storage of the articles by the plaintiff during the whole time they were in the demised premises was with the knowledge and consent of the defendant, and that he acquiesced therein without any objection. He frequently, and always, when asked to do so, furnished the key of the building to the plaintiff, or to his employés, to enable them to enter whenever they wished to change the car body or for other purposes. None of the elements of an actual partial eviction of any portion of the demised premises was shown, and there was no evidence that the plaintiff ever wrongfully or unlawfully entered the premises, or attempted to exercise any rights to any portion of the premises in hostility to those of the defendant. When the plaintiff moved to dismiss the defense and counterclaim of the defendant, the situation was this: The defendant had admitted his liability for the rent claimed by plaintiff. He had proven without objection or dispute that the plaintiff had used a portion of the leased premises with defendant's knowledge and consent, or at least without objection. He had not shown any express agreement or promise to pay for the use of that portion so used by him, but under the circumstances there was an implied promise to make such payment.

[3, 4] If one performs services for another with his knowledge and consent, by reason of which the other is benefited, there is an implied

promise of payment therefor. Sheldon v. Sherman & Van Dusen, 42 Barb. 368. The defendant testified that the use of the portion of the premises used by plaintiff was worth from $20 to $25 per month, but no proof as to the value of such use was offered by the plaintiff. What was the fair and reasonable value of the use of that portion of the demised premises occupied by the plaintiff should have been submitted to the jury for their determination. For this reason there must be a new trial, and upon such new trial the only issue to be tried is that of the fair and reasonable value of the use of that portion of the leased premises as was used by the plaintiff and for the time it was so occupied.

[5] Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event, and upon such new trial the only issue to be tried is the value of the use of that portion of the premises occupied by the plaintiff. Section 129, subdivision 5, Municipal Court Code.

GUY, J., concurs. WHITAKER, J., dissents.